**Alexander PEREZ, Petitioner**

v.

**David L. WINN, Warden, FMC Devens, Ayer, Mass., Respondent.**

**Civil Action No. 06–30192–MAP.**

United States District Court, D. Massachusetts.

Dec. 19, 2006.

Alexander Perez, Ayer, MA, Pro se.

Mark J. Grady, United States Attorney's Office, Boston, MA, Todd E. Newhouse, United States Attorney's Office, Springfield, MA, for Respondent.

*MEMORANDUM AND ORDER REGARDING PETITION FOR WRIT OF HABEAS CORPUS AND RESPONDENT'S MOTION TO DISMISS* (Dkt. Nos. 1 & 3)

PONSOR, District Judge.

Petitioner Alexander Perez has brought this petition pursuant to 28 U.S.C. §§ 2241 and 2243, seeking a writ of *habeas corpus* to enforce his eligibility for consideration of a placement at a community corrections facility or halfway house. Petitioner argues that Bureau of Prison ("B.O.P.") regulations, which limit consideration of community corrections placement until the last 10% of his sentence, are based upon an erroneous interpretation of 18 U.S.C. § 3621(b) and 18 U.S.C. § 36249(c). The background of the case is as follows.

Petitioner is presently serving a sixty-month sentence of incarceration at FMC Devens. Assuming he is granted all available good conduct time, his projected release date to a community corrections facility is March 2, 2008, under current B.O.P. regulations. Petitioner contends that previous BOP regulations, in effect prior to December 2002, would mandate consideration of an earlier release to community corrections.

Petitioner argues that B.O.P. regulations now codified at 28 C.F.R. §§ 570.20 and 570.21 wrongly preclude individualized consideration of his eligibility for community corrections placement and are therefore inconsistent with 18 U.S.C. § 3621(b) and § 3624(c). Although the First Circuit has yet to speak directly on the issue, the Second, Third and the Eighth Circuits have agreed with Petitioner's position, citing the Supreme Court decision in *Lopez v. Davis*, 531 U.S. 230, 121 S.Ct. 714, 148 L.Ed.2d 635 (2001), to find that the B.O.P.'s 2005 regulations are inconsistent with requirements of 18 U.S.C. § 3621(b). *Levine v. Apker*, 455 F.3d 71 (2nd Cir. 2006); *Fults v. Sanders*, 442 F.3d 1088 (8th Cir.2006); *Woodall v. Federal Bureau of Prisons*, 432 F.3d 235 (3rd Cir.2005). If these questionable regulations are ignored, Petitioner alleges that his date for consideration of release to a community corrections facility would be earlier than his currently scheduled date.

More recently, United States District Court Judge Patti B. Saris issued a thoughtful opinion agreeing with the Second, Third and Eighth Circuits. *Putnam v. Winn*, 441 F.Supp.2d 253 (D.Mass.2006). This court has previously agreed with Judge Saris' analysis, as have three other judges in this district. *See Krzystofik v. Winn*, 06–40207–MAP (D.Mass.2006), along with *Takajian v. Winn*, 06–11134–JLT (D.Mass.2006), *Donnell v. Winn*, 06–40167–RWZ (D.Mass.2006), and *Muniz v. Winn*, 06–40162–WGY, 2006 WL 3365662 (D.Mass.2006).

It is unnecessary to re-plow the ground covered so well by Judge Saris. This court hereby adopts the reasoning of her decision. Congress has mandated that prisoners receive individualized evaluation of their eligibility for community corrections placement. Categorical treatment of prisoners as set forth in the 2005 B.O.P.

regulations violates both Congressional and Supreme Court authority.

Three district judges in this district have issued opinions taking a different approach than Judge Saris. *See Bullock v. Winn*, 06–40147–FDS, *Coviello v. Winn*, 06–40072–NMG, and *Compton v. Winn*, 06–40161–DPW. Based on these decisions, Respondent has moved to dismiss this petition. The court finds the *Levine*, *Fults* and *Woodall* analysis more persuasive.

Of course, the fact that Respondent must make an individualized assessment of Petitioner in determining whether a community corrections placement is appropriate does not guarantee that this exercise of discretion will result in any such placement. *See Goldings v. Winn*, 383 F.3d 17 (1st Cir.2004). The assessment, however, must be made based on Petitioner's individual circumstances and merits.

Based on the foregoing, the court hereby DENIES Respondent's Motion to Dismiss (Dkt. No. 3), ALLOWS the *habeas* petition (Dkt. No. 1) and orders that, within ten calendar days of this order, the B.O.P. reconsider Petitioner's community corrections placement in good faith in accordance with the standards employed by the B.O.P. prior to December 2002 and without consideration of 28 C.F.R. §§ 570.20 and 570.21. An affidavit shall be filed with the court demonstrating compliance within twenty-one days of this order.

It is So Ordered.