David M. LEJA, Petitioner

v.

Carolyn SABOL[1], Warden, FMC Devens, Ayer, Mass., Respondent.

Civil Action No. 06–30210–MAP.

United States District Court, D. Massachusetts.

March 6, 2007.

David M. Leja, Ayer, MA, pro se.

Karen L. Goodwin, United States Attorney's Office, Springfield, MA, for Respondent.

---

9. The record does not reveal whether plaintiff requested the production of such records in discovery.

1. Carolyn Sabol replaced David Winn as warden of FMC Devens on January 16, 2007.

**17**

*MEMORANDUM AND ORDER REGARDING PETITION FOR WRIT OF HABEAS CORPUS*

(Dkt No. 1)

PONSOR, District Judge.

Petitioner David M. Leja brings this petition pursuant to 28 U.S.C. §§ 2241 and 2243, seeking a writ of *habeas corpus* ordering the Bureau of Prisons ("B.O.P.") to reconsider its refusal to place him in a community corrections center. Petitioner was found guilty of forty-nine counts of health care fraud and mail fraud and one count of obstruction of justice. On May 5, 2005, the court sentenced Petitioner to 30 months imprisonment with a recommendation that he be placed in a medical facility to address his significant medical problems. In a previous decision, the court indicated its willingness to entertain a petition seeking a reevaluation of Petitioner's eligibility for earlier placement in a community corrections center. *Leja v. Winn*, 06–CA–30169–MAP (D.Mass. November 29, 2006). On February 7, 2007, Petitioner filed just such a petition.

There is a division among courts in this district over the B.O.P.'s interpretation of 28 C.F.R. §§ 570.20 and 570.21 as divesting it of the authority to exercise the placement discretion conferred by 18 U.S.C. § 3621(b). *See, e.g., Bullock v. Winn*, 06–CA–40147–FDS (D.Mass. Nov. 8, 2006) (upholding the B.O.P.'s interpretation); *compare Putnam v. Winn*, 441 F.Supp.2d 253 (D.Mass.2006) (holding the B.O.P.'s interpretation unconstitutional). This court previously found Judge Saris' reasoning in *Putnam* persuasive. *See Perez v. Winn*, 465 F.Supp.2d 87, 88 (D.Mass.2006).[2]

2. In a Response to Inmate Request, dated February 23, 2007, Petitioner was informed that he would be released to a Residential Re-Entry Center ("RRC") on July 12, 2007. Warden Sabol indicated that upon issuance of

The court is cognizant that the issue is presently being briefed before the First Circuit. *See Muniz v. Winn*, 06–CA40162–WGY (D.Mass.). While the court would ordinarily wait for the guidance of the Court of Appeals, given the time sensitivities involved, to do so in this case would be to deprive Petitioner of any prospect of relief.

Based on the foregoing, the court hereby ALLOWS the petition (Dkt. No. 1), and orders that, within ten calendar days of the date of this order, the B.O.P. reconsider Petitioner's community corrections placement in good faith without regard to its interpretation of 28 C.F.R. §§ 570.20 and 570.21. An affidavit shall be filed with the court demonstrating compliance within twenty-one days of the date of this order.

It is So Ordered.

an order of this court addressing the issue of early release, FMC Devens would revisit Petitioner's case. Until then, Petitioner's Residential Re–Entry Center placement will be limited to the last ten percent of his sentence.